UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NELSON and VICTORIA NELSON,

      Plaintiffs,

v.                                      CASE NO. 8:23-cv-2564-SDM-JSS

CASSANDRA CROSE,

      Defendant.

_____/

## **ORDER**

Appearing *pro se*, California residents, John Nelson and Victoria Nelson, sue under 18 U.S.C. § 2261(A), 18 U.S.C. § 2261(B), and 15 U.S.C. § 6851 a resident of Pinellas County, Cassandra Crose, and request an "injunction/restraining order" to prevent Crose from cyberstalking and communicating with the Nelsons.

The complaint fails to allege facts sufficient to state a claim under Section 6851.[1] Section 6851 permits the Nelsons to sue Crose if Crose knowingly or recklessly discloses without the consent of Nelson an intimate visual depiction of Nelson or his children. The complaint alleges that Crose shared John Nelson's and his family's personal information online and threatened to release "revenge porn" of John Nelson but fails to allege that Crose shared an intimate visual depiction. From November 5 to November 8, 2023, Crose allegedly "reference[d]" John Nelson's "very

---

[1] The Nelsons cannot sue under 18 U.S.C. § 2261(A) and (B), which are criminal statutes.

young minor children" in social media posts.  The Nelsons assert that their family is "on edge" and "constantly scared" because of Crose's threats and actions.[2]  Although requesting "an injunction/restraining order" "until . . . the FBI has time to investigate," the Nelsons never allege that they contacted law enforcement about Crose's actions.  Because the complaint and request for injunction fails to comply with the Local Rules and the Federal Rules of Civil Procedure, the complaint is **DISMISSED WITHOUT PREJUDICE**, and the request for an injunction is **DENIED**. No later than **NOVEMBER 22, 2023**, the Nelsons may amend the complaint.  If the Nelsons file an amended complaint, they must either pay the filing fee or move to proceed *in forma pauperis*.

In any amended complaint, (1) the Nelsons must plead their complaint in separate claims for relief and include no more than one claim for relief in each count of the amended complaint; (2) the Nelsons must state above each count in the form of a title or a heading the name of one claim for relief that the count alleges and whether the claim is based on federal law or based on state law; (3) the Nelsons must separate or identify the facts that support each count from the facts that support another count or counts; (4) the Nelsons must in each count identify the defendant against whom

---

[2] John Nelson alleges that Crose has stalked and threatened him and his family since January 2023. Nelson started a relationship online with Crose in December 2022 and spent two weeks with Crose and her children in January 2023. Crose discovered that Nelson had a family in California, and Crose began threatening Nelson. Crose demanded Nelson visit her in Florida and that "they become a couple." To appease her, Nelson allegedly paid Crose between $1,100 to $1,500 every month. Crose continues to threaten Nelson and his children. Recently, "things were becoming much more demanding and intense," and Nelson "began looking into getting a restraining order" against Crose.

that count states a claim; and (5) the Nelsons must in each claim state the relief to which, based on the claim, the Nelsons claim entitlement.

### A CAUTION TO THE NELSONS

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders.  A judge cannot assist a party, even a *pro se* party, in conducting an action.  Therefore, the Nelsons are strongly advised to obtain legal advice and assistance or representation by a lawyer.  To the extent they intend to continue to represent themselves in this action, the Nelsons should familiarize themselves with both the Federal Rules of Civil Procedure at https://www.uscourts.gov/rulespolicies/current-rules-practice-procedure/federal-rules-civil-procedure and the Local Rules for the Middle District of Florida at https://www.flmd.uscourts.gov/localrules, a copy of each of which is available in the clerk's office on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida.  Also, the Nelsons can consult the "Litigants Without Lawyers" guidelines at http://www.flmd.uscourts.gov/litigants-without-lawyers.

ORDERED in Tampa, Florida, on November 9, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE